UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Peguie Luly, Representative of the Jean-Rene Jerome Estate<br><br>    Plaintiff,<br><br>v.<br><br>Retail Services & Systems, Inc., d/b/a Total Wine, a Maryland corporation; Costco Wholesale Corporation, d/b/a Costo, a Washington corporation.; W.J. Deutsch & Sons Ltd. d/b/a Saranty Imports, L.L.C., d/b/a Saranty Imports, a New York limited liability company; Verity Wines LLC, d/b/a Verity Wine Partners, a New York limited liability company; Verity Wines Capital LLC, a New York limited liability company; The Vine Collective LLC, d/b/a Katell Pleven Selections, a California limited liability company; and T. Elenteny Holdings, LLC, d/b/a Elenteny Imports, a New York limited liability company;<br>    Defendants.<br><br>_____/ | CIVIL ACTION NO:<br><br><br><br>PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT AND CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>JURY TRIAL DEMANDED |

Plaintiff, Peguie Luly, Representative of the Jean-Rene Jerome Estate (herein "JEROME" or "Plaintiff"), by and through its undersigned counsel, hereby seeks relief based upon the following:

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101 et seq.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338(a) and (b).

3. Venue is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial portion of the acts and omissions giving rise to the claims.

1

## PARTIES

4. Artist Jean-Rene Jerome died in 1991 and his estate and his heirs are represented by Peguie Luly, Representative of the Jerome Estate (collectively "JEROME"). Artist Jean-Rene Jerome lived and worked in Haiti. Peguie Luly, is an heir of Artist Jerome and is the representative of the Jerome Estate. Ms. Luly resides in Haiti.

5. Retail Services & Systems, Inc., d/b/a Total Wine (herein "TOTAL WINE"), is a Maryland corporation, having a principal place of business located at 11325 Seven Locks Road, Suite 214, Potomac, Md 20854. TOTAL WINE has several retail liquor and wine stores in this judicial district.

6. Costco Wholesale Corporation, d/b/a Costo, (herein "COSTO"), is a Washington corporation, having a principal place of business located at 999 Lake Drive, Issaquah, Washington 98027. COSTCO has several retail liquor and wine stores in this judicial district.

7. W.J. Deutsch & Sons Ltd. d/b/a Saranty Imports, L.L.C., d/b/a Saranty Imports (herein "DEUTSCH") is a New York limited liability company, having a principal place of business located at 201 Tresser Blvd., Suite 500, Stamford Connecticut 06901. Upon information and belief, DEUTSCH does business under various names, such as Saranty Imports and/or Deutsch Family Wine & Spirits (collectively herein "DEUTSCH").

8. Verity Wines LLC, d/b/a Verity Wine Partners (herein "VERITY"), is a New York limited liability company, having a principal place of business located at either 148 Madison Ave 12th Floor, New York NY, 10016, and/or 34 East 29th St., Fifth Floor, New York, New York, 10016.

9. Verity Wines Capital LLC (herein "VERITY CAP"), is a New York limited liability company, having a principal place of business located at 148 Madison Ave 12th Floor, New York NY, 10016.

10. The Vine Collective LLC, d/b/a Katell Pleven Selections (herein "VINE"), is a California limited liability company, having a principal place of business located at 330 W 38th St., Suite 1600, New York NY 10018.

11. T. Elenteny Holdings, LLC, d/b/a Elenteny Imports (herein "ELENTENY"), is a New York limited liability company, having a principal place of business located at 285 W Broadway, Suite 500, New York, NY 10013.

12. TOTAL WINE, COSTCO, DEUTSCH, VERITY, VERITY CAP, VINE and ELENTENY are collectively referred to herein as "DEFENDANTS".

## FACTS

13. In 1985 Artist Jean-Rene Jerome painted or created a work of art which Peguie Luly, Representative of the Jerome Estate, calls "LADY." A true and correct copy of JEROME's painting is attached hereto and labeled as Exhibit A. Other artwork by Artist Jean-Rene Jerome's is currently on display in a gallery in Haiti. A short biography of the Artist Jerome is attached as Exhibit A-1.

14. Sometime prior his death in 1991, Artist Jean-Rene Jerome sold the LADY painting to either Terralsole, s.r.l. a/k/a Brunello Di Montalcino Terralsole Company or a principal of Terralsole, s.r.l. (herein "TERRALSOLE"). Artist Jean-Rene Jerome never sold, transferred, nor licensed the copyright associated with the LADY painting.

15. Upon information and belief, TERRALSOLE is a winery having a place of business located at Villa Collina D'Oro 160A, Montalcino, Tuscany, 53024, Italy.

16. Artist Jean-Rene Jerome's LADY painting is prominently displayed in the TERRALSOLE winery's sampling room. TERRALSOLE's website includes several photos of

LADY, including LADY hanging in the sampling room and, upon information and belief, TERRALSOLE's principal standing next to LADY. See Exhibit B, attached.

17. TERRALSOLE copied Artist Jean-Rene Jerome's LADY and used LADY on labels and on TERRALSOLE wine. See Exhibit C, attached.

18. JEROME applied for and received a United States Copyright registrations for LADY, VAu 1380165. See Exhibit D, attached.

19. JEROME is informed and believes, and thereon alleges that, DEFENDANTS misappropriated JEROME's LADY painting, and sold and are currently selling TERRALSOLE wine bearing illegal, unauthorized reproductions and/or derivations of JEROME's LADY.

20. JEROME is informed and believes, and thereon alleges, that without JEROME's authorization or permission, DEFENDANTS imported, sold, and/or distributed wine with labels featuring JEROME's LADY, that are identical or substantially similar to JEROME's LADY, to numerous parties in U.S. including direct sales in this judicial district.

21. Upon information and belief, TOTAL WINE sold and/or distributed wine with labels featuring LADY, that are identical or substantially similar to JEROME's LADY, to its customers throughout the U.S., including direct sales in this judicial district. See Exhibit E, attached.

22. Upon information and belief, COSTCO sold and/or distributed wine featuring LADY, that are identical or substantially similar to JEROME's LADY, to its customers throughout the U.S., including direct sales in this judicial district. See Exhibit F, attached.

23. Upon information and belief, DEUTSCH imported, sold, and distributed wine featuring LADY that are identical or substantially similar to JEROME's LADY, to numerous parties in U.S. including sales in this judicial district. See Exhibit G, attached.

24. Upon information and belief, VERITY and/or VERITY CAP imported, sold, and distributed wine featuring LADY, that are identical or substantially similar to JEROME's LADY, to numerous parties in U.S. including direct sales into this judicial district. See Exhibit H, attached.

25. Upon information and belief, VINE imported, sold, and distributed wine featuring LADY, that are identical or substantially similar to JEROME's LADY, to numerous parties in U.S. including direct sales into this judicial district. See Exhibit I, attached.

26. Upon information and belief, ELENTENY imported, sold, and distributed wine featuring LADY, that are identical or substantially similar to JEROME's LADY, to numerous parties in U.S. including direct sales into this judicial district. See Exhibit J, attached.

27. Upon information and belief, DEFENDANTS imported, distributed, sold and/or caused to be distributed wine with labels featuring images that are identical or substantially similar to JEROME's LADY, and hence infringe JEROME's copyrights in and to the LADY painting, to numerous parties in the State of Florida.

28. JEROME is informed and believes, and thereon alleges, that TERRALSOLE committed these acts of copyright infringement with actual or constructive knowledge of JEROME's rights, and/or in blatant disregard for JEROME's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional, and malicious.

29. JEROME is informed and believes, and thereon alleges, that DEFENDANTS are infringing JEROME's copyright for the LADY painting in violation of JEROME's intellectual property rights.

30. Based upon a comparison of JEROME's LADY (Exhibit A) and Exhibits B, C, E, F, G and H, it is apparent that the wine labels in Exhibits B, C, E, F, G and H are either identical or substantially similar to JEROME's LADY.

## COUNT I

### (For Copyright Infringement)

31. JEROME repeats, re-alleges, and incorporates herein by reference as though fully set forth, all allegations contained in complaint Paragraphs 1 through 30, inclusive, contained in this complaint.

32. TERRALSOLE had access to the LADY painting, TERRALSOLE created labels bearing identical or substantially identical images of JEROME's LADY, placed those labels on its wine bottles, and sold the wine to DEFENDANTS who imported, distributed, sold and/or caused to be distributed wine and sold with the infringing labels.

33. DEFENDANTS' importation, distribution, sale and efforts to import, distribute and sell wine with labels having identical or substantially similar images of the LADY infringe JEROME's copyrights to the LADY.

34. DEFENDANTS infringed JEROME's copyright by (a) importing, selling, and distributing wine bearing these infringing labels through various nationwide networks and (b) making and/or developing directly infringing and/or derivative works of LADY for their marketing materials in an effort to sell wine and distribute wine with the infringing wine bottle labels through various nationwide networks.

35. Due to DEFENDANTS' acts of copyright infringement, JEROME has suffered general and special damages in an amount to be established at trial.

36. Due to DEFENDANTS' acts of copyright infringement, as alleged herein, DEFENDANTS have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the LADY.

37. As a result of DEFENDANTS' acts, JEROME is entitled to such disgorgement of DEFENDANTS' profits directly and indirectly attributable to DEFENDANTS' infringement of LADY in an amount to be determined at trial.

38. JEROME is informed and believes and thereon alleges that DEFENDANTS, and each of them, have committed acts of copyright infringement, as alleged above, and will continue to commit acts of infringement, which will irreparably injure JEROME in an amount that cannot be ascertained.

## COUNT II

### (For Vicarious and/or Contributory Copyright Infringement)

39. JEROME repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in paragraphs 1-30 of this Complaint.

40. DEFENDANTS' knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of wine featuring JEROME's LADY as alleged herein.

41. DEFENDANTS', and each of them, are vicariously liable for the infringement alleged herein because they had the ability to supervise in the U.S. the infringing conduct and because they had a direct financial interest in the infringing conduct.

42. By reason of the DEFENDANTS', and each of their, acts of contributory and vicarious infringement as alleged above, JEROME has suffered and will continue to suffer substantial damages

in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

43. Due to DEFENDANTS', and each of their acts of copyright infringement as alleged herein, DEFENDANTS', and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the JEROME's LADY. As such, JEROME is entitled to disgorgement of DEFENDANTS' profits directly and indirectly attributable to DEFENDANTS' infringement of JEROME's LADY, in an amount to be established at trial.

44. JEROME is informed and believes and thereon alleges that DEFENDANTS, and each of them, have committed acts of copyright infringement, as alleged above, and will continue to commit acts of infringement, which will irreparably injure JEROME in an amount that cannot be ascertained.

## **PRAYER FOR RELIEF**

WHEREFORE, JEROME respectfully prays for judgment as follows:

1. That DEFENDANTS, their agents and employees be enjoined from infringing JEROME's copyright in any manner, specifically those for the LADY painting;

2. That PLAINTIFF be awarded all profits of DEFENDANTS plus all losses of PLAINTIFF JEROME, plus any other monetary advantage gained by the DEFENDANTS through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq., if such statutory damages are available;

3. That PLAINTIFF be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

4. That DEFENDANTS, and each of them, account to PLAINTIFF for their profits and any damages sustained by PLAINTIFF arising from the foregoing acts of infringement;

5. That PLAINTIFF be awarded pre-judgment interest as allowed by law;

6. That PLAINTIFF be awarded the costs of this action; and

7. For such other and further relief as this Court may deem just and proper.

[space left blank]

JEROME DEMANDS A JURY TRIAL.

Dated: February 28, 2020            By: s/*Darren Spielman*
Darren Spielman (FL Bar 010868)
Dspielman@ComplexIP.com
Robert C. Kain, Jr. (FL. Bar 266760)
Rkain@ComplexIP.com
Kain Spielman, P.A.
900 S.E. 3rd Ave. Suite 205
Ft. Lauderdale, FL
Tel: (954) 768-9002
Fax: (954) 768-0158

Attorneys for Plaintiff